# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**KAREN WILSON**                                                                                     **PLAINTIFF**

**VS.**                                    **4:04CV00086-WRW**
                                              **(Lead Case)**

**JOHN E. POTTER, Postmaster General,**
**UNITED STATES POSTAL SERVICE**                                                **DEFENDANT**


**ELIZABETH JEAN SETTLES**                                                           **PLAINTIFF**

**VS.**                                    **4:05CV00887-WRW**
                                              **(Consolidated Case)**

**JOHN E. POTTER, Postmaster General,**
**UNITED STATES POSTAL SERVICE**                                                **DEFENDANT**

## ORDER

Plaintiffs filed a Motion in Limine objecting to the untimely disclosure of a witness, Ms. Pamela Keeton.[1]  Defendant filed a Motion in Limine to exclude the testimony of Serita Clark, Betty Hood, John Jordan and Randy Hamlin.[2]

A telephone conference was held to address these two motions on January 11, 2007.  At the end of the conference, I granted Plaintiffs' Motion in Limine and excluded Ms. Keeton as a witness. Defendant then asserted that it should be allowed to introduce testimony from other witnesses about Ms. Keeton's promotion.   A letter brief was requested to address this issue. Supplemental letter briefs were requested to address Defendant's Motion in Limine to exclude various witnesses being called to demonstrate racial bias of two supervisors, Mr. Alexander and Ms. Bates.

---

[1]Doc. 51.

[2]Doc. 52.

I have read the motions, briefs, supplemental briefs, and considered the arguments presented at the conference and at the pre-trial hearing. From all of this I find:

1. Ms. Pamela Keeton is excluded as a witness because Defendant failed to disclose her name until the eve of trial. Testimony about the circumstances surrounding her promotion under Defendant's reduction-in-force policy is also excluded.

2. Ms. Serita Clark will be allowed to testify about her EEO complaint involving alleged discriminatory conduct of Ms. Bates. Her testimony is relevant under Fed. R. Evid. 404(b), because it shows possible discriminatory motive and intent. However, any mention of the settlement of Ms. Clark's complaint will not be allowed under Fed. R. Evid. 403 because it will be too prejudicial and may cause confusion, and under Fed. R. Evid. 408 which requires that compromise and offers of compromise be excluded. Likewise, Ms. Betty Hood will be allowed to testify about her EEO complaint, but any mention of the complaint's settlement will not be allowed.

3. Mr. Jordan will testify about the Defendant's reduction-in-force policies. Mr. Jordan may testify about his personal knowledge of the policy and how it operates.

4. Mr. Hamlin's testimony will also be allowed, as it is relevant to the motivation and intention of Mr. Alexander.

5. The testimony of Ms. Clark and Mr. Hamlin is admissible because past discriminatory conduct of a supervisor or decision maker is relevant to show discriminatory motive.[3]

---

[3]*Reeves v. Sanderson*, 530 U.S. 133 (2000); *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1214 (3d Cir. 1995) (age-related comments and evidence of how supervisor treated other older employees admissible to show discriminatory attitudes); *Williams v. Con Agra Poultry Co.*, 378 F.3d 790 (8th Cir. 2004).

       Moreover, background evidence of past conduct is important for the jury's assessment of whether an employer was more likely than not to have acted from unlawful motive.[4] Finally, evidence of racial bias in other employment situations could lead to the inference that management was biased in this case.[5]

6. With respect to the damages issue, back-pay will be given to the jury to decide and I will decide whether Plaintiffs are entitled to front pay.

7. Testimony about the conduct of Mr. Alexander in 1997 will be excluded because it is too remote in time to the issues presented in this case.[6]

       Plaintiff's Motion is Limine is GRANTED.  Defendants Motion is Limine is GRANTED in part and DENIED in part.

       IT IS SO ORDERED this 17th day of January, 2007.

       /s/Wm. R. Wilson, Jr.
       UNITED STATES DISTRICT JUDGE

---

[4] *Riodan v. Kempiners*, 831 F.2d 690, 697 (7th Cir. 1987); *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 897 (9th Cir. 1994); *see also Heyne v. Causo* 69 F.3d 1475 (9th Cir. 1995).

[5] *Estes v. Dick Smith Ford Inc.,* 856 F.2d 1097, 1103 (8th Cir. 1988); *Polanco v City of Austin, Texas*, 78 F.3d 968, 980 (5th Cir. 1996)(evidence of discriminatory practices against Hispanics in the workplace was probative of whether the individual plaintiff was terminated because of his nationality).

[6] *Stair v. Lehigh Valley Carpenters Local Union No. 600*, 813 F. Supp. 1116 (E.D. Pa. 1993).