**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**KAREN WILSON**                                                                                                    **PLAINTIFF**

**VS.**                                           **4:04CV00086-WRW**
                                                            **(Lead Case)**

**JOHN E. POTTER, Postmaster General,
UNITED STATES POSTAL SERVICE**                                                 **DEFENDANT**


**ELIZABETH JEAN SETTLES**                                                                      **PLAINTIFF**

**VS.**                                           **4:05CV00887-WRW**
                                                       **(Consolidated Case)**

**JOHN E. POTTER, Postmaster General,
UNITED STATES POSTAL SERVICE**                                                 **DEFENDANT**

## ORDER

Plaintiff Karen Wilson alleges that she is entitled to back pay, related to a failure to promote in April 2001. Both Settles and Wilson were passed over for promotion, and a white applicant was given the job. Plaintiffs concede that Settles was actually determined to be the most qualified of the three applicants. However, Wilson asserts that if Settles had been given the promotion in 2001, then Wilson would have been given the job when Settles retired in 2004. Maybe so, but this is speculation.

General common law principles are applied in discrimination cases.[1] Under the common law -- damages must be "reasonably certain."[2] Damages are not allowed when the claim rests on

---

[1] *EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002) (Restatement of Torts cited by Supreme Court in assessing whether punitive damages are appropriate).

[2] Restatement (Second) Contracts, § 352; Restatement (Second) Torts § 912.

speculation. This principle applies to the existence of damages and also to their cause.[3] A plaintiff cannot recover damages by proving only that the defendant has unlawfully violated some duty and then leave the trier of fact to speculate as to the damages; she must go further and prove the extent and nature of the damages and that such damage is the direct, necessary, and probable result of the defendant's act.[4] Damages based on uncertainties, contingencies, or speculation cannot be recovered,[5] (recovery will be limited to only nominal damages). Also, no recovery is allowed when resort to speculation or conjecture is necessary to determine whether the damage resulted from the unlawful act described in the complaint or from some other source.[6] Applying these common law principles to this case, Wilson will not be allowed to put on speculative evidence that she is entitled to back-pay from 2004 forward.

IT IS SO ORDERED this 17th day of January, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[3] *Telluride Power Co. v. Williams*, 172 F.2d 673 (10th Cir. 1949).

[4] *Avery v. State Farm Mutual Auto Ins. Co.*, 746 N.E.2d 1242 (Illinois 2001).

[5] *Shepherd v. Davis*, 574 S.E.2d 514 (Virginia 2003).

[6] *Albers Mill Co. V. Donaldson*, 156 F. Supp 683 (W.D. Ark. 1957).